**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| MARQUISE LOCKHART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-CV-63 SNLJ |
| | ) | |
| CYNTHIA REESE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

Plaintiff, a prisoner, brings this action under 42 U.S.C. § 1983 against several officials at the Southeast Correctional Center (SECC). After reviewing the amended complaint, the Court finds that it should be partially dismissed.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff is confined at SECC. He has bipolar mood disorder. On April 5, 2015, plaintiff advised prison officials that he was feeling suicidal and homicidal. He asked to be removed from his cell and to be placed in a suicide cell. The officials placed him on a restraint bench, where he waited for seventeen hours to see a mental health provider.

Defendant Cynthia Reese, who is a Qualified Mental Health Professional, interviewed plaintiff, and he told her about his condition. He says she did not take him seriously, despite his history of suicide attempts, and she told the officials to return him to his cell.

On April 7, 2015, Reese interviewed him again and he told her he was depressed, suicidal, and homicidal. He requested to be immediately removed from his cell.

About an hour later, defendants Hancock, Sisk, and Mills removed everything from plaintiff's cell and moved his cell mate to another cell. They brought another inmate to his cell who was also on full suicide watch. Plaintiff told defendants he was afraid of having the other inmate in his cell because of his state of mind. He says defendants laughed and encouraged the other inmate to assault him.

About an hour later, defendant Vandergriff checked plaintiff's cell. Plaintiff told Vandergriff that he "did not feel comfortable in the cell and could he please pull me out of that cell." Vandergriff told plaintiff he would be okay and left him there.

That evening, the other inmate punched plaintiff in the back of the head and fought with him for five to ten minutes. Plaintiff says he suffered a "brutal" beating. Mills did an observation check of the cell and sprayed mace on both inmates. Plaintiff suffered a sprained or fractured wrist, bruised ribs, and facial injuries.

Mills refused to allow the nurse to assess plaintiff's injuries. Prison officials left him on the restraint bench and eventually placed him in a dry cell without letting him wash the mace off. He says that was intentional punishment.

## Discussion

The Court finds that the complaint should not be dismissed with regard to plaintiff's claims against Hancock, Buchannon, Mills, or Sisk. Therefore, the Court will order the Clerk to serve these defendants with process.

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Plaintiff's allegations against Reese do not show that she deliberately disregarded his mental health needs. She ordered that his property be removed from his cell. And while she ordered that another inmate on suicide watch be placed in his cell, it was not plaintiff's mental health difficulties that led to his injuries. Reese cannot have known that the other defendants would allegedly encourage the other inmate to assault plaintiff. Her actions may rise to the level of negligence, but they do not state a claim for deliberate indifference. Consequently, plaintiff's claims against her are dismissed.

To state a claim for unconstitutional conditions of confinement under the Eighth Amendment, an inmate must show that the alleged deprivations denied him the minimal civilized measure of life's necessities and that defendants were deliberately indifferent to excessive risk to

his health or safety.  *E.g., Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995).  Plaintiff's only allegation against Vandergriff is that he told defendant he was uncomfortable with his placement with the other inmate on suicide watch.  This claim does not show that defendant was aware of a serious risk and disregarded it.  As a result, plaintiff's claims against Vandergriff are dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to issue process on defendants Unknown Hancock (CO III), Unknown Buchannon (Captain), Unknown Mills (COI), and Unknown Sisk (CO II).

**IT IS FURTHER ORDERED** that defendants Cynthia Reese and Unknown Vandergriff are **DISMISSED** from this action without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this 18<u>th</u> day of August, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE