UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARQUISE LOCKHART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16cv63 SNLJ |
| | ) |
| CYNTHIA REESE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff, *pro se*, filed this 42 U.S.C. § 1983 claim for violations of his constitutional rights against defendant correctional officers and others at the Southeast Correctional Center, where plaintiff is incarcerated. Defendants filed a motion for summary judgment on May 12, 2017. Plaintiff sought and received extensions of time in which to respond to defendants' motion. Plaintiff also filed a "declaration" seeking a Court order to "subpoena" the surveillance footage from July 5, 2017 (#40). He states that the surveillance footage will show defendant Hancock had plaintiff moved into administrative segregation in retaliation for filing this case and to prevent plaintiff from filing his response in opposition to the defendants' motion for summary judgment. Plaintiff included with the declaration a letter to the Clerk of the Court stating that he was being retaliated against and that he has no access to legal materials he needs. Further, he states he cannot contact necessary witnesses.

1

Defendants responds with an affidavit from defendant Hancock. It explains that plaintiff was moved to administrative segregation because, during an altercation in which a prison staff member was injured, plaintiff did not properly obey a directive to return to his cell. Defendants also state that the surveillance footage from that date is being preserved.

The Court will not require the defendants to submit the surveillance footage to the Court. If plaintiff seeks to raise a new claim against defendant(s), he must do so through a separate, new lawsuit. However, the Court notes that defendants do not respond to plaintiff's suggestion that he is unable to access legal materials in administrative segregation. Defendants state that plaintiff is on "temporary" administrative segregation confinement. The Court thus presumes plaintiff will once again be able to access his legal materials when released from administrative segregation. Further, although plaintiff is currently in administrative segregation, he should be able to access certain legal materials. Regardless, the Court will allow plaintiff additional reasonable extensions of time so that he can fully respond to the defendants' motion. Currently, his response memorandum is due on August 15, 2017. If plaintiff needs additional time, he may request it.

Further, defendants will be ordered to ensure that plaintiff is able to request and receive the appropriate access he needs to legal materials.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request for surveillance footage is DENIED.

**IT IS FURTHER ORDERED** that defendants shall continue to preserve the surveillance footage that is the subject of this Order, *see* #42 at 3 n.1, until the later of either the resolution of this lawsuit or otherwise required by law.

**IT IS FINALLY ORDERED** that defendants shall ensure plaintiff is able to request and receive access to appropriate legal materials while confined in administrative segregation.

Dated this  24th  day of July, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE