UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| MARQUISE LOCKHART, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16cv63 SNLJ |
| | ) | |
| CYNTHIA REESE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Plaintiff, *pro se*, filed this 42 U.S.C. § 1983 claim for violations of his constitutional rights against defendant correctional officers and others at the Southeast Correctional Center, where plaintiff is incarcerated. This Court granted summary judgment to defendant Corey Sisk on all claims on February 2, 2018. The Court granted summary judgment to Neva Jane Buchanan, Gregory Hancock, and John Mills on plaintiff's claims of excessive force and conditions of confinement. The Court, however, held in abeyance defendants Buchanan, Mills, and Hancock's motion for summary judgment on plaintiff's failure to protect claim and ordered additional briefing on that matter in light of the late-filed surveillance video. The Court ordered that defendants show the video to plaintiff and allowed additional briefing.

The Court will not repeat the facts and analysis set forth in its original memorandum and order (#54). The Court allowed plaintiff time to watch the video and provide additional briefing on the remaining claim of failure to protect. Plaintiff filed

1

four separate documents, most of which goes to issues that are no longer before the Court. Plaintiff argues that the video shows he was clearly spitting blood and that the nurse never assessed him. The Court has already addressed plaintiff's claims as they relate to medical care. As for plaintiff's suggestion that he was injured to the point that he was spitting blood, the Court disagrees with plaintiff --- the video shows that plaintiff was neither in distress nor spitting blood. Defendants admit the video does not show a perfect view of plaintiff's cell, but it does show one of the defendants was in front of his cell, that plaintiff and his cellmate were removed after another officer came to assist, that the removal was without incident, that the two offenders were placed on restraint benches, and that medical staff arrived.

Defendants will be granted summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment (#30) is GRANTED.

.

Dated this  26th  day of March, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE